United States District Court
Southern District of Texas
**ENTERED**
August 18, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FEANYICHI E. UVUKANSI, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:21-CV-01624 |
| | § | |
| BOBBY LUMPKIN, | § | |
| DIRECTOR, TEXAS DEPARTMENT | § | |
| OF CRIMINAL JUSTICE, | § | |
| CORRECTIONAL INSTITUTIONS | § | |
| DIVISION, | § | |
| | § | |
| Respondent. | § | |

## ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the July 27, 2023 Memorandum and Recommendation ("M&R") prepared by Magistrate Judge Peter Bray. (Dkt. No. 19). Magistrate Judge Bray made findings and conclusions and recommended that Uvukansi's petition, (Dkt. No. 1), be dismissed with prejudice. (Dkt. No. 19).

The Parties were provided proper notice and the opportunity to object to the M&R. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). On August 10, 2023, Uvukansi filed three objections. (Dkt. No. 20). First, Uvukansi objects to Magistrate Judge Bray's "determination" that the state habeas court's finding on the materiality element of Uvukansi's claim under *Giglio v. United States*, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972), is a finding of fact rather than a conclusion of law. (*Id.* at 5–6). Second, Uvukansi objects to Magistrate Judge Bray's determination that the state habeas court properly placed the burden of proof on Uvukansi to establish the materiality element of his claim.

(*Id.* at 5-10).  Third, Uvukansi objects to Magistrate Judge Bray's finding that the state habeas court's determination of materiality was not an unreasonable in light of the facts before the court.  (*Id.* at 11-12).  Uvukansi also included in his objections, a motion for a Certificate of Appealability ("COA").  (*Id.* at 1-4).  The Court construes this as an objection to Judge Bray's determination that no COA should be issued.

In accordance with 28 U.S.C. § 636(b)(1)(C), the Court is required to "make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection [has been] made."  After conducting this de novo review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  *Id.*; *see also* Fed. R. Civ. P. 72(b)(3).

The Court has carefully considered de novo those portions of the M&R to which objection was made.  The Court recognizes that the M&R mischaracterizes the state habeas court's determination on materiality as a finding of fact rather than as a mixed question of law and fact.  However, the Court's de novo review has determined that Magistrate Judge Bray's ultimate conclusion on this issue is correct, so this objection is overruled.  The Court also overrules the other three objections.  After reviewing the remaining proposed findings, conclusions, and recommendations for plain error, the Court finds no error.  The Court accepts the M&R and adopts it as the opinion of the Court.  It is therefore ordered that:

(1) Magistrate Judge Bray's M&R, (Dkt. No. 19), is **ACCEPTED** and **ADOPTED** in its entirety as the holding of the Court; and

(2) Petitioner's Petition for Writ of Habeas Corpus, (Dkt. No. 1), is **DISMISSED WITH PREJUDICE**.

It is SO ORDERED.

Signed on August 18, 2023.

_____
**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**